UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARVIN GLASPIE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-2811** |
| **LOOMIS FARGO & CO. AND XYZ INSURANCE CO.** | **SECTION C** |

### ORDER AND REASONS

Before the Court is a Motion for Summary Judgment filed by Defendant, Loomis Fargo & Co. ("Loomis" or "Defendant") in the above-captioned matter (Rec. Doc. 32) pursuant to Federal Rule of Civil Procedure 56.  Having considered the motion, the opposition thereto, and all applicable law, the Court finds that Loomis did not cause the prosecution of Plaintiff Marvin Glaspie ("Glaspie" or "Plaintiff") and, as a result, Plaintiff cannot prove all of the elements necessary to prevail on his malicious prosecution cause of action.  Accordingly, the Motion for Summary Judgment is **GRANTED**.

### I. Background

Glaspie was employed by Loomis, an armed guard security company that offers the transportation of currency.  Glaspie was assigned to be the messenger of a three (3) man crew that transported currency via an armored truck.  As the messenger, Glaspie sat in the back of the truck alone with the currency and was responsible for loading /unloading the currency and for

checking the currency in with Loomis at the end of the route.  The messenger is the only person in the crew who has access to the currency.

On July 8, 2002, Glaspie's crew drove their assigned route between New Orleans, LA and Jackson, MS.  Bancorp South ("Bancorp") in Jackson, MS was a stop on this route.  When the truck arrived back at Loomis in New Orleans, Glaspie unloaded it.  As he was unloading part of the Bancorp shipment, one of the bags was ripped and currency fell out.

Then, on July 9, 2002, the currency was shipped from Loomis to the Federal Reserve Bank in New Orleans.  The Federal Reserve Bank recounted the money and found the Bancorp shipment to be $40,000 short.  The Federal Reserve Bank informed Bancorp, which in turn notified Loomis.

The next day, July 10, 2002, Loomis reported the theft of $40,000 to the New Orleans Police Department ("police department") and an initial report was taken.  Loomis told the police department that Glaspie was an employee and the messenger on duty on the day of the alleged theft.

The police department then made an investigation, during which Glaspie declined to be interviewed, based on the advice of counsel.  On July 30, 2002, Glaspie was notified by Loomis that if he did not cooperate with the police department's investigation, as per company policy, he would be terminated, effective August 2, 2002.  Maintaining his silence, he was terminated on August 7, 2002, effective retroactively as of August 2, 2002.

On August 14, 2002, a follow-up report was made by a police department detective.  At this time, it was reported that the police department had interviewed other Loomis employees and obtained affidavits from Bancorp employees.  The report indicated that the information

gathered led the detective to prepare an arrest warrant for Glaspie.  This warrant was sworn on September 5, 2002 and Glaspie was subsequently arrested on September 27, 2002.  After Glaspie's arrest, a prosecution commenced.  However, on August 13, 2003, the State of Louisiana entered a *nolle prosequi* and the charges against Glaspie were dropped.

Plaintiff filed suit against Loomis for malicious prosecution on August 12, 2004 in the Civil District Court for the Parish of Orleans, State of Louisiana.  In this suit, Plaintiff alleges damages that include: damage to his representation in the community; loss of employment; mental anguish; inconvenience; lost wages; cost of employment of counsel and any and all damages, which will be revealed at trial on the merits.  Defendant was served with the petition on September 24, 2004 and then timely removed the case to this Court on October 14, 2004, basing federal subject matter jurisdiction on diversity under 28 U.S.C. § 1332(a)(1).

Loomis has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.  In its motion, Loomis argues that it cannot be held liable for malicious prosecution because Glaspie cannot prove all of the elements of the malicious prosecution cause of action.  Specifically, Loomis argues that it was not the legal cause of the prosecution against Glaspie and that it can overcome the presumptions of malice and lack of probable cause.  Glaspie, on the other hand, claims that Loomis was the cause of the prosecution against him because it acted through its agent, the police department to bring about the prosecution against him.

## II. Standard of Review

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56.  A genuine issue of fact exists only if the evidence is such that a reasonable

3

jury could return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986); *see also* Taita Chem. Co. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." Reid v. State Farm Mut. Auto Ins. Co., 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See* Hopper v. Frank, 16 F.3d 92 (5th Cir. 1994); Lujan v. Nat'l. Wildlife Fed'n., 497 U.S. 871, 871-73, 110 S. Ct. 3177, 3177-81, 111 L. Ed. 2d 695 (1990); Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992).

**III. Analysis**

In the case at bar, the Plaintiff is alleging malicious prosecution against Loomis. Under Louisiana law, to prevail on this claim Plaintiff must prove: (1) the commencement or continuance of an original criminal or civil judicial proceeding; (2) its legal causation by the

present defendant against the plaintiff who was the defendant in the original proceeding; (3) a bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such a proceeding; (5) the presence of malice therein, and; (6) damage. Craig v. Carter, 718 So. 2d 1068, 1070, 30,625 (La. App. 2 Cir. 9/23/98), citing, Goodman v. Spillers, 696 So. 2d 169, 28,933 (La. App. 2 Cir. 12/23/96), writs denied, 692 So. 2d 393, 97-0225, 97-0423 (La. 03/27/97).

However, when the charges are dropped by the prosecutor prior to trial, such as when the prosecutor enters a *nolle prosequi*, lack of probable cause and malice are presumed and the defendant bears the burden to prove that he acted with probable cause and without malice. Carter v. Catfish Cabin, 316 So. 2d 517, 523 (La. App. 2 Cir. 1975), citing, Robinson v. Rhodes, 300 So. 2d 249 (La. App. 2 Cir. 1974), writ denied, 303 So. 2d 178. To prove that it did not lack probable cause the defendant must show that it had an honest belief of the facts in making the charge against the plaintiff. Id. Furthermore, to prove that it did not have malice, the defendant must show that the charge was not made with knowledge that it was false or with reckless disregard as to whether it is false or not. Id.

In the present case, Glaspie can easily establish that: (1) a criminal prosecution was commenced against him; (2) there was a bona fide termination in his favor when the prosecutor entered the *nolle prosequi*; and (3) he suffered damages as a result of that prosecution. However, whether Loomis was the legal cause of that prosecution and whether Loomis lacked probable cause and had malice to make the accusations that lead to the prosecution are points of contention.

Under Louisiana law, legal causation is determined by examining the degree of reliance

by the police upon facts provided by the defendant as compared to the amount of further police investigation.  See, Craig, 718 So. 2d at 1070-71.  In Craig, the Court found that the defendant store was the legal cause of the prosecution because the police relied only on the information provided by the store employees to form probable cause for an arrest.  On the other hand, in Banks v. Brookshire Brothers, Inc., 640 So. 2d 680, 682, 93-1616 (La. App. 3 Cir. 6/1/94), the Court found that the defendant store was not the legal cause of the prosecution.  In that case, the store employees merely reported their observations to the police officers and the officers then conducted their own investigation, which lead to probable cause. Id.

Loomis argues that it is not the legal cause of the prosecution against Glaspie.  Loomis claims that after its initial report to the police department, the department independently interviewed Loomis employees and obtained affidavits from Bancorp employees.  It is this information, not any specifically provided by Loomis, which Loomis alleges formed the foundation of the police's probable cause that led to Glaspie's arrest and prosecution.

Glaspie, on the other hand, claims that the police department was acting as Loomis' agent in conducting the investigation and that as a result Loomis was the legal cause of his prosecution.  Glaspie bases this claim on Loomis's company policy of notifying the police department of an alleged theft and requiring employees to participate in the police department's subsequent investigation.

Glaspie's argument is a stretch.  It would be standard procedure for anyone to report an alleged theft to the police department for further investigation, which Glaspie agrees was appropriate.  Furthermore, the police interviewed the witnesses themselves and prepared their own report.  Loomis did not represent to the police that Glaspie was a thief.  The police drew

that conclusion based on their independent investigation.

## IV. Conclusion

For the reasons set forth above,

IT IS ORDERED that the Defendant's Motion for Summary Judgment is **GRANTED**.

New Orleans, Louisiana, this 1st day of September, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE